FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GREENWOOD, *also known as* Tax Truelove,<br><br>Plaintiff,<br><br>vs.<br><br>DETECTIVE MARK BROWNELL, et al.,<br><br>Defendants. | No. 4:25-cv-05022-MKD<br><br>ORDER DISMISSING ACTION PURSUANT TO LCivR 41(b)(2) |

Plaintiff initiated this action while incarcerated at Walla Walla County Corrections. ECF No. 1. The Court granted him leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(b), ECF No. 11, and directed him to amend or voluntarily dismiss his complaint, ECF No. 12. When he failed to comply with the Order to Amend or Voluntarily Dismiss Complaint, the Court dismissed this action on September 26, 2025. ECF No. 14.

Upon reconsideration, the Court re-opened the case and granted Plaintiff

ORDER - 1

additional time to amend or voluntarily dismiss the complaint.  ECF No. 17.  On December 4, 2025, Plaintiff filed a First Amended Complaint, identifying himself as Andrew Greenwood.  ECF No. 18.  On December 30, 2025, the Court ordered Plaintiff to amend or voluntarily dismiss his First Amended Complaint.  ECF No. 19.

Mail sent to Andrew Greenwood at Walla Wall County Corrections was returned as undeliverable on January 20, 2026, with the notations, "No longer here" and "unable to forward" as of January 15, 2026.  ECF No. 20.  Plaintiff has not kept the Court informed of his current address and has filed nothing further in this action.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address.  If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.  LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters.  *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with a court order, including the public's interest in expeditious resolution, the court's need to manage

ORDER - 2

its docket, and the risk of prejudice to defendants).  Plaintiff's mail has been returned, and the Court has not been apprised of a current address.

Accordingly, **IT IS HEREBY ORDERED:**

1.     This action is **DISMISSED** without prejudice pursuant to LCivR 41(b)(2).

2.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address and **CLOSE** the file.

DATED March 26, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3